## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARCELA ABARCA, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CIVIL ACTION NO. 4:21-cv-04143 |
| v. | § | |
| | § | |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| DEFENDANT. | § | |

### DEFENDANT'S ORIGINAL ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Houston Independent School District ("Defendant" or "HISD") files this Original Answer and Defenses (collectively, "Answer") to the Original Complaint [Dkt. No. 1] ("Complaint") filed by Plaintiff Marcela Abarca ("Plaintiff" or "Abarca"), and answer the allegations in Plaintiff's Complaint as follows:

### LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies all allegations contained in the Complaint except those expressly admitted below.

### ANSWER TO PLAINTIFF'S ALLEGATIONS

In addition to its limited general denial, Defendant specifically responds to the Plaintiff's allegations as follows (which correspond to the Complaint's numbered paragraphs):

### PARTIES

1.     Defendant admits Plaintiff was a former teacher at the time employed by Defendant and further admits that she resides in the Southern District of Texas, and denies the remaining allegations in Paragraph 1 of the Complaint.

2.     Defendant admits the allegations in Paragraph 2.

## JURISDICTION

3.      Defendant admits that this Court has jurisdiction over this action.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint and further denies that it violated any law with respect to Plaintiff's employment.

## NATURE OF ACTION

4.      Defendant admits that Plaintiff is suing for religious discrimination and retaliation under Title VII, Title 42 U.S.C. §2000 (e) *et. seq* ("Title VII"), but denies that it violated any law with respect to Plaintiff's employment.

## CONDITIONS PRECEDENT

5.      Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue letter, but denies the remaining allegations in Paragraph 5 of the Complaint.

## FACTS

6.      Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Complaint regarding Plaintiff and her family's religious affiliation and therefore, denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant admits that Plaintiff started her teaching career with Aldine Independent School District in September 2016, and taught English for three years.

8.      Defendant admits that Plaintiff was hired at HISD as an English Teacher for the 2019/2020 school year and was assigned to James Madison High School.

9.      Defendant admits that Plaintiff was interviewed for the position by Ms. Carlotta Brown ("Ms. Brown"), Principal for James Madison High School.

9.      Defendant admits that Plaintiff advised Ms. Brown that she had a trip planned in late 2019.  Defendant denies the remaining allegations in Paragraph 9 of the Complaint.[1]

10.     Defendant admits that Ms. Brown approved Plaintiff's absence for the trip. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

**SHORTAGE IN PAY AND ALTERED RECORDS**

12.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint regarding Plaintiff's realization regarding the pay Plaintiff received while on her trip.  Defendant, therefore, denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff reported she was not paid for all the days taken for her trip to the compensation department, but denies the remaining allegations in Paragraph 14 of the Complaint.

15.     Defendant admits that Plaintiff reported she was not paid for all the days taken for her trip, but denies the remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant is without sufficient knowledge or information relating to the alleged meeting with Ms. Brown around November 2019.  Thus, Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint relating to the details of the discussion of the alleged

---

[1] Plaintiff's Original Complaint lists Paragraph 9 twice. For consistency, Defendant's Answer corresponds with the numbering in Plaintiff's Complaint.

meeting between Plaintiff and Ms. Brown.  Defendant, therefore, denies the allegations in Paragraph 17 of the Complaint.

18.     Defendant admits that Plaintiff complained that certain days during her trip was not categorized as vacation and that someone had altered her records.  Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint relating to the details of the discussion of the alleged meeting between Plaintiff and Ms. Brown.  Defendant, therefore, denies the allegations in Paragraph 19 of the Complaint.

20.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint relating to the details of the discussion of the alleged meeting between Plaintiff and Ms. Brown.  Defendant, therefore, denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint relating to permitted time off and further denies the remaining allegations in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint relating to the details of the discussion had at the alleged meeting between Plaintiff and Ms. Brown.  Defendant, therefore, denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant admits that Plaintiff filed a grievance and Plaintiff received a stipend solely to resolve the dispute.  Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Defendant admits that the grievance decision occurred in June 2020.  Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant admits that Ms. Brown first attempted to observe Plaintiff virtually on December 4, 2020.  Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant admits that after being denied access to virtually observe Plaintiff on December 4, 2020, Ms. Brown physically observed Plaintiff in her classroom.  Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     After Plaintiff failed to remain in her classroom for observation as required, Ms. Brown did tell Plaintiff she could not utilize the conference room for such observances instead. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Defendant admits that Plaintiff returned to her classroom.  Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46.     Defendant admits that once Plaintiff walked into her classroom, she barricaded the door to prevent Ms. Brown from entering the classroom to continue her observation.  Defendant denies the remaining allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant admits that a second observation occurred on the same day at approximately 2:35 pm.  Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51.     Defendant admits that Ms. Brown and Sabrina Cuby-King ("Ms. Cuby-King"), Lead Principal, conducted a second observation.  Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Defendant admits that Plaintiff presented an EEOC charge allegedly signed on December 14, 2020 for race, national origin, and religious discrimination and retaliation.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant admits that Plaintiff was coached on several occasions for failure to adhere to the District's dress code but to no avail, but denies the remaining allegations in Paragraph 59 of the Complaint.

60.     Defendant admits that Plaintiff received a written warning for continuous failure to adhere to the District's dress code.  Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant admits that on January 8, 2021, Plaintiff was temporarily transferred to the Printing Services Department due to her continuous failure to abide by the District's policies.

63.     Defendant is without sufficient knowledge or information to admit or deny when mediation with the EEOC occurred.  Defendant, therefore, denies the allegations in Paragraph 63 of the Complaint.

64.     Defendant admits that this case has not settled, but denies the remaining allegations in Paragraph 64 of the Complaint.

65.     Defendant admits that as of March 1, 2021, Plaintiff was assigned to work at the Print Services Department, but denies the remaining allegations in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 of the Complaint.

67.    Defendant admits that James Givens ("Mr. Givens") was Plaintiff's supervisor while working in the Printing Services Department.  Defendant denies the remaining allegations in Paragraph 67 of the Complaint.

68.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint regarding Mr. Givens' discussion with Plaintiff. Defendant, therefore, denies the allegations in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations in Paragraph 69 of the Complaint.

70.    Defendant denies the allegations in Paragraph 70 of the Complaint.

71.    Defendant denies the allegations in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations in Paragraph 73 of the Complaint.

74.    Defendant denies the allegations in Paragraph 74 of the Complaint.

75.    Defendant admits that Plaintiff received a letter recommending termination of her contract effective, June, 14, 2021.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 75 of the Complaint, and therefore, denies the remaining allegations.

## RESPONDEAT SUPERIOR AND RATIFICATION

76.    The allegations in Paragraph 76 consist of opinions and/or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 76 of the Complaint.

## RELIGIOUS DISCRIMINATION

77.     Paragraph 77 of the Complaint contains no specific factual allegations to which Defendant must respond.  To the extent that a response may be required, Defendant incorporates and restates its prior answers and denials to Paragraphs 1-77 of the Complaint.

78.     Defendant denies the allegations in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     The allegations in Paragraph 84 consist of opinions and/or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

## RETALIATION BY HISD

87.     Defendant denies the allegations in Paragraph 87 of the Complaint.

## DAMAGES

88.     The allegations in Paragraph 88 consist of opinions and/or legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 88 of the Complaint, and further denies any violations of law.

## PRAYER

Defendant is not required to respond to Plaintiff's Prayer.  However, to the extent that the Prayer asserts factual allegations, Defendant denies every allegation contained therein and further denies that it violated any law with respect to Plaintiff's employment.

## DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing, Defendant asserts the following defenses and affirmative defenses which, individually and in combination, bar Plaintiff's right to recover, in whole or in part, the claims and damages alleged in the Complaint.

1.      The Complaint fails to state a factually or legally cognizable claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of, or are inconsistent with the charge of discrimination Plaintiff filed with the EEOC.

3.      Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation.

4.      Defendant acted in good faith and took no actions in violation of any federal, state, or local law, rule, regulation, guideline, ordinance or other procedural rules, including without limitation Title VII.  Instead, Defendant acted in compliance with applicable employment laws at all times.

5.      Any actions Defendant took with respect to Plaintiff were for legitimate, nondiscriminatory and non-retaliatory reasons and were unrelated to any actions by Plaintiff that give rise to the applicability of Title VII, or any other law.

6.      In the unlikely event that Plaintiff establishes that her religion or some other protected characteristic was a motivating factor in any tangible employment action, if any, the

same actions and decisions would have occurred even if the protected characteristic or conduct had been absent.

7.    Defendant has made good faith efforts to prevent discrimination and retaliation in the workplace and to comply with all applicable federal, state, and local law (including without limitation Title VII).  All of Defendant's acts or omissions affecting Plaintiff were in good faith with reasonable grounds for believing they complied with the law.

8.    Defendant exercised reasonable care to prevent any alleged discrimination or retaliation.

9.    To the extent Plaintiff's claims or damages are barred by the applicable statues of limitations, filing deadlines, or by laches, Defendant asserts those defenses.

10.    Plaintiff's claims for damages are subject to offset for any interim earnings, benefits, or compensation received following her separation from employment.

11.    To the extent any of Defendant's employees took actions in violation of any law, which Defendant denies, Defendant asserts that it did not, authorize, or ratify these actions which were outside of the course and scope of the employees' employment with Defendant.

12.    In the unlikely event that Plaintiff recovers actual or compensatory damages, Defendant asserts its right to rely on all statutory caps, exclusions, and limitations, including but not limited to the Title VII, and any other federal or state law.

13.    Plaintiff's claims may be barred, in whole or in part, by the doctrines of set-off or recoupment.

14.    To the extent allowed by law, Defendant seeks recovery of its reasonable and necessary attorneys' fees and costs.

15.     The Complaint and each purported cause of action contained therein is barred to the extent it violates Defendant's due process rights under the United States Constitution or other applicable law, or otherwise violate any of Defendant's constitutionally-protected rights.

WHEREFORE, Defendant respectfully prays that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice. Defendant further seeks any other or additional relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

DATED: March 17, 2022

Respectfully submitted,

**Spencer Fane LLP**

*/s/ Ruthie N. White*
Ruthie N. White
Texas Bar No. 00798580
Federal I.D. No. 3601042
Rachael I. Thomson
Texas Bar No. 24118555
Federal I.D. No. 3601042
SPENCER FANE, LLP
3040 Post Oak Blvd., Suite 1300
Houston, Texas  77056
(713) 552-1234 [Telephone]
(713) 963-0859 [Facsimile]
rwhite@spencerfane.com [Email]
rthomson@spencerfane.com [Email]

**ATTORNEY-IN-CHARGE FOR DEFENDANT HOUSTON INDEPENDENT SCHOOL DISTRICT**

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, a true and correct copy of the *Defendant's Original Answer and Defenses to Plaintiff's Original Complaint* was filed with the with the clerk of the Court of the United States District Court for the Southern District of Texas using the CM/ECF system pursuant to the Court's electronic filing requirements, which constitutes service of the filed documents on all parties of record.

*/s/ Ruthie N. White*
Ruthie N. White

13